IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MAURICE P. FORTUNE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00481 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| H. CLARKE, et al., | ) | By:  Hon. Thomas T. Cullen |
| | ) |      United States District Judge |
| Defendants. | ) | |

Maurice A. Fortune, a Virginia inmate proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 against officials at Green Rock Correctional Center ("Green Rock"), River North Correctional Center ("River North"), and the Virginia Department of Corrections ("VDOC"). The defendants have moved to dismiss Fortune's amended complaint[1] and this matter ripe for decision. Having reviewed the pleadings and for the reasons stated below, I will grant defendants' motion to dismiss.

I.

In his amended complaint, Fortune alleges the following:

> Claim One: "D. Robinson, M. Elam, M. Davis, B. Kanode, D. Greer, and Krumpler overlooked the fundamental administrative procedure of prior notice, trial, and right to counsel before exercising punishment upon process that is 'due' for administrative proceedings of prior notice and hearing, trial, right to counsel, an impartial decision-maker, findings, and conclusion. Plus the lack of formal notice, hearing, witnesses, confrontation and cross-examination, documentary and physical evidence, and assistant with a defense outside to procedure of disciplinary

---

[1] The court conditionally filed Fortune's original complaint (ECF No. 1), advised him that it failed to state a claim under § 1983 against the named defendants, and gave him the opportunity to file an amended complaint. (See ECF No. 9.) The court advised Fortune that the amended complaint would replace his original complaint and constitute the sole complaint in this action. (Id.) Fortune filed an amended complaint (ECF No. 10) and thus, the court will consider only that complaint in adjudicating defendants' motion.

proceeding. Note each Defendant is head of Operations of the Department of Corrections or respected Facilities. See Exhibit 1 Original Complaint."

Claim Two: "H. Sharpe, D. Greer, M. Jones, Records Manger of GROCK, and the Regional Records Manager deliberate decisions; H. Sharpe upon job sanction and D. Greer, M. Jones, Records Manager of GROC and the Regional Records Manager upon failure to maintain accurate records, produces injury to Plaintiff's duration of incarceration and conditions there-that-of by sanctions of mandatory requirements to receive 'good credit allowance/earned sentence credit.' See Exhibit 1 Original Complaint[.]"

Claim Three: "M. Jones, the Records Manager of GROC, and the Regional Records Manager official actions violate the Plaintiff's right to Equal Protection of Law from defamatory information causing legal status to change establishing the withdraw of 'good credit allowance/earned sentence credit' and an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' See Exhibit 1 Original Complaint[.]"

Claim Four: "D. Robinson, M. Elam, Krumpler, D. Greer, M. Davis, B. Kanode, H. Sharpe, M. Jones, the Records Manager of GROC, and the Regional Records Manager violated the Plaintiff's Eighth Amendment right to freedom from cruel and unusual punishment of: six months of administrative investigation segregation; D. Robinson, M. Elam, Krumpler, D. Greer, M. Davis, B. Kanode, and H. Sharpe; defamatory information; M. Jones, GROC Records Manager and Regional Records Manager; job termination; D. Robinson, Krumpler, and M. Davis; job restriction; H. Sharpe, M. Jones, GROC Records Manager, and Regional Records Manager; security and privilege level change; H. Clarke[.]" (emphasis omitted).

Claim Five: "D. Robinson, D. Greer, Krumpler, M. Elam, and M. Kanode grievance proceedings are in direct violation due to lack of examination, investigation, procedure and response under 42 U.S.C. § 1997 (CRIPA). Also, H. Sharpe, H. Clarke, D. Robinson, D. Greer and Krumpler are in violation of the Civil Rights of Institutionalized Persons Act (CRIPA) upon the Plaintiff's prison conditions of housing, job, assignment, classification, and religious assembly."

In his amended complaint, Fortune refers to Exhibit 1 of his original complaint. Exhibit 1 is an Implementation Memorandum concerning VDOC Operating Procedure 841.2 – Offender Work Procedures at River North. The document does not contain information specific to Fortune or his general allegations.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," id., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing

Twombly, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. See, e.g., Boag v. MacDougall, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009). Even so, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Liberally construed, Fortune appears to be alleging claims of procedural due process violations, equal protection violations, and cruel and unusual living conditions, but he has not alleged sufficient facts to support these claims.

To state a claim in any federal civil action, the plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted).

To state a procedural due process claim against a prison official, an inmate must allege facts that demonstrate: (1) that he was denied a liberty interest arising under the Constitution or state law, Wilkinson v. Austin, 545 U.S. 209, 226 (2005); (2) that the denial imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484 (1995); and (3) that the process employed by the prison was "constitutionally inadequate," Lovelace, 472 F.3d 174, 199 (4th Cir. 2006).

To state an equal protection claim against a prison official, an inmate "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination" on the basis of the plaintiff's membership in a protected class, such as race, gender, or religion. Veney v. Wyche, 293 F.3d 726, 730, 732 (4th Cir. 2002) (internal quotation marks omitted).

Finally, to state a prison-conditions claim against a prison official, an inmate must allege facts that demonstrate the living conditions violated contemporary standards of decency, that prison officials were deliberately indifferent to those conditions, and that he either has sustained a serious or significant mental or physical injury as a result of that the challenged conditions or the conditions have created an unreasonable risk of serious damage to his future health. See Wilson v. Seiter, 501 U.S. 294 (1991); Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Fortune's allegations in his amended complaint are too vague and conclusory to state a cognizable federal claim against the defendants. Fortune does not allege any facts surrounding how his rights were allegedly violated and does not describe the actions or

inactions by each defendant that resulted in his rights allegedly being violated.[2] Accordingly, I cannot find that Fortune's amended complaint states a claim against the defendants and, thus, will grant the defendants' motion to dismiss the amended complaint.[3]

I note, however, that Fortune initially provided more details concerning his claim in his original complaint, which he then replaced with his amended complaint. He has also provided additional details in various filings since the filing of the defendants' motion to dismiss. Accordingly, it is possible that Fortune may be able to state a claim against the defendants if given another opportunity to amend his complaint. Because Fortune is proceeding pro se, I will grant him that opportunity.

---

[2] Moreover, to the extent that Fortune may be alleging any of the defendants are liable as supervisors, his allegations fail to state a cognizable claim. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). A claim that prison staff did not follow jail policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). To establish supervisory liability under § 1983, a plaintiff must show: (1) that the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Fortune's allegations are too vague and conclusory to establish supervisory liability against the defendants and, thus, do not state a plausible § 1983 claim.

[3] Because his amended complaint fails to state a claim, I cannot grant Fortune's motion for summary judgment. (ECF No. 26.) Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (emphasis added). Fortune has not made such a showing.

## IV.

For the reasons stated, I will grant defendants' motion to dismiss Fortune's amended complaint.[4] However, I will give Fortune the opportunity to file an amended complaint within twenty-one days.

**ENTERED** this 22nd day of September, 2020.

_____
Hon. Thomas T. Cullen
United States District Judge

---

[4] Fortune has also filed a motion (ECF No. 20) asking the court to transfer him to a facility away from the defendants. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing:" (1) that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). In his motion, Fortune asks the court to provide him with "proper security and assistance" by transferring him to a different facility. Fortune does not allege that he is likely suffer any irreparable harm if he is not transferred, or otherwise satisfy the requirements for injunctive relief. Accordingly, I will deny his motion.