IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| MAURICE P. FORTUNE, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-000481 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, *et. al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) |      United States District Judge |
| Defendants. | ) | |

Plaintiff Maurice P. Fortune, III, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights under both the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Eight Amendment, 5 U.S.C. §552(a), and 42 U.S.C. §1997, by Defendants Harold Clarke, David Robinson, Marcus Elam, Melvin Davis, Krumpler, Barry Kanode, D. Greer, H. Sharpe, M. Jones, John Doe, and Jane Doe (collectively "Defendants"). Fortune initially filed this suit in July of 2019 (ECF No. 1) and amended his complaint in August of 2019 (ECF No. 10). On September 20, 2020, the court granted Defendants' motion to dismiss (ECF No. 32) but gave Fortune the opportunity to file a second amended complaint, which he did on October 13, 2020. (ECF No. 33).

This matter is now before the court on Defendants' motion to dismiss Fortune's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 38.) After reviewing the record, the court will grant Defendant's motion to dismiss as to each claim.

## I.

Fortune is currently incarcerated at Green Rock Correctional Center ("Green Rock"). In his Second Amended Complaint, Fortune alleges that "Defendants violated [his] 14th Amendment Section 1 Due Process Right" through Elam, Davis, Krumpler, Kanode, and Greer's "implementation of operating procedure[s]" and "overlooking the fundamental administrative procedure of prior notice, trial, right to counsel, and disciplinary sanction before exercising punishment." (ECF No. 33 ¶ 15.) He also alleges that, "Defendants display[] personal discrimination and deliberate indifference upon administrative discretion outside others in like situation from failing to maintain records accurately under 5 U.S.C. § 552(a)," the Freedom of Information Act. (*Id.* ¶ 16.) Fortune attributes this alleged misconduct to Defendants Sharpe, Greer, Jones, Jane Doe, and John Doe. Fortune alleges that Defendants Jones, John Doe, and Jane Doe participated in "maintaining defamatory information" while failing to maintain records. (*Id.* ¶ 16(3).)

In addition, Fortune claims that "Defendants are in violation of [his] right to Equal Protection of Law from defamatory information causing legal status to change establishing the withdraw of earned sentence credit and an atypical and significant hardship . . . ." (*Id.* ¶ 17.) Fortune attributes this alleged misconduct to Defendants James, John Doe, and Jane Doe. Fortune also alleges that Defendants violated his rights by maintaining "defamatory information causing legal status to change establishing the withdraw of earned sentence credit and an atypical and significant hardship . . . ." (*Id.*)

Fortune also alleges that "Defendants violate[d] [his] Eighth Amendment right to freedom from cruel and unusual punishment . . ." (*Id.* ¶ 18.) Fortune attributes this alleged

misconduct to Defendants Robinson, Clare, Elam, John Doe, Davis, Jane Does, Krumpler, Kanode, Sharpe, Greer, and Jones, and contends that each Defendant has an "affirmative causal link to segregate for [six and a half months], terminate job, and job and security privilege change[.]" (*Id.* ¶ 18(5).) Fortune complains of "[six and a half months] in segregation in a constantly lit cell," but does not specifically attribute the alleged misconduct to any of the named Defendants. (*Id.* ¶ 29(f).) He alleges that Defendants Jones, John Doe, and Jane Doe caused the "duration of incarceration to extend and security and privilege level to alter" and that this resulted in hardship. (Id. ¶ 17 (1–3).)

Finally, Fortune claims that Defendants Robinson, Clarke, Elam, Davis, Krumpler, Kanode, Sharpe, and Greer "are in violation of [his] rights under 42 U.S.C. § 1997, Civil Rights of Institutionalized Persons Act . . ." through knowledge and implementation of various Operating Procedures. (*Id.* ¶ 19.)

On October 26, 2020, the nine named defendants and Jane Doe filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Fortune responded, and the motion is ripe for adjudication on the briefs filed by the parties.

## II.

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Defendants argue that Fortune fails to provide sufficient factual information to state any a cognizable claim under § 1983. The court agrees and will grant Defendants' motion to dismiss.

To state a claim in any federal civil action, the plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions

'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted).

To state a procedural due process claim against a prison official, an inmate must allege facts that demonstrate: (1) that he was denied a liberty interest arising under the Constitution or state law, *Wilkinson v. Austin*, 545 U.S. 209, 226 (2005); (2) that the denial imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995); and (3) that the process employed by the prison was "constitutionally inadequate," *Lovelace*, 472 F.3d 174, 199 (4th Cir. 2006).

Fortune's allegations in his amended complaint are too vague and conclusory to state cognizable federal claims against Defendants for a procedural due process claim. Fortune does not allege what liberty interest he believes was violated, nor does he describe any hardship arising from his rights allegedly being violated. As such, Fortune has failed to state a claim for procedural due process.

The Freedom of Information Act ("FOIA") allows the public to request information in the government's possession and requires the government to make information available, unless a specific exception applies. 5 U.S.C. § 552(a)(4)(B) (2000). The FOIA is construed broadly to provide information to the public. *Ethyl Corp. v. United States Envtl. Protection Agency*, 25 F.3d 1241, 1246 (4th Cir.1994). "The FOIA requires each governmental agency to provide information to the public on request if the request 'reasonably describes' the record[s] sought and is made in accordance with published agency rules for making requests." *Id.* at 1245; *see* 5 U.S.C. § 552(a)(3). "Under the FOIA, specifically 5 U.S.C. § 552(a)(4)(B), only persons seeking to enjoin an alleged wrongful withholding of agency

information may seek District Court review." *Sperry Univac Div. of Sperry Corp. v. Baldrige*, No. CIV.A. 82-0045-A, 1982 WL 1016614, at *3 (E.D. Va. June 16, 1982).

Fortune does not allege that he ever sought or was denied access to information in the government's possession. Accordingly, as he has not alleged any wrongful withholding, he has failed to state a claim under the FIOA. Moreover, the federal FOIA "is applicable to agencies or departments of the Government of the United States, and is not applicable to agencies or departments of a state." *Miller v. S.C. Dept. of Probation, Parole, and Parson Servs.*, No. 2:08-3836-JFA-RSC, 2008 WL 5427754, at *3 (D.S.C. Dec. 31, 2008).

To state an equal protection claim against a prison official, an inmate "must first demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination" on the basis of the plaintiff's membership in a protected class, such as race, gender, or religion. *Veney v. Wyche*, 293 F.3d 726, 730, 732 (4th Cir. 2002) (internal quotation marks omitted). Plaintiff has failed to state any facts to establish an equal protection claim or that would raise an implication that he was treated differently on the basis of any protected status.

Finally, to state a conditions-of-confinement claim against a prison official, an inmate must allege facts that demonstrate his living conditions violated contemporary standards of decency; that prison officials were deliberately indifferent to those conditions; and that he either has sustained a serious or significant mental or physical injury as a result of that the challenged conditions or that the conditions have created an unreasonable risk of serious

damage to his future health. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Strickler v. Waters*, 989 F.2d 1375, 1380–81(4th Cir. 1993); *Helling v. McKinney*, 509 U.S. 25 (1993).

Fortune's allegations in his amended complaint are too vague and conclusory to state cognizable conditions-of-confinement claim against Defendants. Fortune does not allege any facts surrounding how his rights were allegedly violated, nor does he describe the specific actions or inactions by each defendant that allegedly resulted in his rights being violated.[1] While Fortune does allege that he was confined in segregation[2] for six and a half months in a "constantly lit cell[,]" he does not allege what actions any defendant took that contributed to or caused this.[3] Without specifying which defendants are individually responsible for which violations of specific provisions of law, Fortune's allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 676 (noting that a plaintiff must plead that each "defendant, though the official's own actions, has violated the Constitution.").

---

[1] Additionally, to the extent that Fortune seeks to bring a claim of defamation, such a claim is not cognizable under 42 U.S.C. § 1983 without a showing that it caused a constitutional injury. *See Paul v. Davis*, 424 U.S. 693 (1976) (finding that defamation in and off itself is not sufficient to state a § 1983 claim, and holding that a showing that the defamatory language caused injury to a constitutionally protected right is required).

[2] Insofar as Fortune complains of changes in his security classification and specific housing, his claim also fails. Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Fortune's mere presence in segregation does not state a claim under § 1983.

[3] A complaint must provide factual detail about the alleged misconduct and "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for [his] name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Allen v. Young*, No. 7:20CV00206, 2021 WL 826778, at *3 (W.D. Va. Mar. 4, 2021) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

- 8 -

## IV.

Because Fortune's Second Amended Complaint lacks the factual allegations necessary to state a claim under any of the theories of recovery he asserts, the court will grant Defendants' motion to dismiss.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 29th day of September, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE